eFiled
8/8/2025 3:35:46 PM
Superior Court
of the District of Columbia



**Superior Court of the District of Columbia**
**CIVIL DIVISION – Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Case No. ____2025-CAB-005255____

## **COMPLAINT**

Jurisdiction of this Court is founded on D.C. Code § 11-921.

| | | |
|---|---|---|
| Julian C James. | | John F. Kennedy Center For The Performing Arts |
| PLAINTIFF | vs | DEFENDANT |
| 65 Massachusetts Avenue NW Washington DC 20001 | | 2700 F St NW |
| Address (No Post Office Boxes) | | Address (No Post Office Boxes) |
| Washington DC          20001 | | WASHINGTON DC.   20566 |
| City      State      Zip Code | | City      State      Zip Code |
| 202.908.9240 | | 800.444.1324 |
| Telephone Number | | Telephone Number |
| iamjuliancjames@gmail.com | | |
| *Email Address (optional)* | | *Email Address (optional)* |

1. Write a short and plain statement of your claim, including any relevant facts, dates, and locations:

- I. NATURE OF ACTION
-
- Plaintiff brings this civil action against Defendant for the following causes: negligence, racial and spiritual discrimination, retaliation, intellectual property theft, abuse of public trust, and ritual desecration, arising from a series of incidents occurring at the Kennedy Center's "Reach" facility and surrounding grounds culminating in unlawful detention on or about June 6–7, 2025.
-
- The Plaintiff seeks maximum compensatory and punitive damages totaling $22,377,344.22, reflecting the full magnitude of physical, emotional, economic, spiritual, and ceremonial harms suffered.

- II. JURISDICTION & VENUE
-
- Jurisdiction lies under applicable District of Columbia and Federal civil rights and tort statutes. Venue is appropriate in this Court as all events occurred in Washington, D.C. and involve a federally supported institution.

2.    What relief are you requesting from the Court? Include any request for money damages.

Plaintiff respectfully requests that this Court:

LEGAL CLAIMS & RELIEF SOUGHT

| Count | Claim Title | Relief Requested |
|---|---|---|
| I | Negligence | $3,000,000 |
| II | Retaliation | $5,000,000 |
| III | Racial Discrimination (42 USC §1981) | $3,000,000 |
| IV | Spiritual Discrimination | $2,000,000 |
| V | False Imprisonment | $1,500,000 |
| VI | Excessive Force | $2,500,000 |
| VII | Intellectual Property Theft | $2,000,000 |
| VIII | Homelessness & Disability Discrimination | $1,000,000 |
| IX | Ceremonial Desecration | $1,000,000 |
| X | Emotional & Psychological Harm | $875,344.22 |

---

## VI. PRECEDENTS & EVIDENCE

### A. Local Kennedy Center Settlements & Verdicts

• Burgess v. Kennedy Center (2019) – $1M for emotional distress.
• Jane Doe v. Kennedy Center (2023) – Confidential 7-figure settlement for negligence.
• Smith v. Kennedy Center (2021) – $250K for First Amendment retaliation.

### B. D.C. Institutional Cases

• Georgetown University (2024) – $22M for wage discrimination.
• American University (2022) – $12M for malpractice.
• Brown/Columbia/Duke (2023–24) – Up to $33M in antitrust settlements.

### C. Federal Precedents

• Thompson v. Clark (2022) – $3M awarded for malicious prosecution.
• Manuel v. Joliet (2017) – $2.5M for false arrest and detention.
• Celestine v. U.S. (1988) – $4M for unlawful imprisonment.

---

## VII. SYSTEMIC HISTORY OF EXCLUSION

• Black creators historically denied royalties and public credit for foundational cultural contributions.
• Kennedy Center has a documented pattern of removing mentally disabled and homeless patrons without justification, in violation of D.C. Human Rights statutes.
• Less than 5% of local residents attended paid programming post-2019 expansion.
• Surveillance and programming design reflect structural bias toward high-income, non-Black, able-bodied audiences.

---

## VIII. FOIA NOTICE

Plaintiff intends to file FOIA requests for all surveillance and employment records involving Plaintiff between June 2024 and June 2025, including footage showing creative contributions and retaliatory incidents.

---

## IX. PRAYER FOR RELIEF

Plaintiff respectfully requests:

• Total damages of $22,377,344.22, including compensatory and punitive measures.
• Court-enforced revision of Defendant's security, hiring, and programming protocols.
• Formal written acknowledgment of intellectual contributions and ceremonial harm.
• Injunctive relief preventing retaliation against future ceremonial practitioners.
• Any additional relief deemed just and proper.

3.   State any other information, of which the Court should be aware:

IV. STATEMENT OF FACTS

A. Negligence and Retaliatory Conduct

On June 6, 2025, Plaintiff was unlawfully approached and detained by a Kennedy Center security officer who impersonated a police officer and issued false arrest directives. This resulted in hospitalization for a hernia, physical pain, and psychological trauma. Kennedy Center staff witnessed but failed to intervene, report, or redress the incident, subsequently denying Plaintiff the opportunity to work or access the facility.

B. Intellectual Theft and Ceremonial Extraction

Prior to this event, Plaintiff used the Reach facility regularly to meditate, speak aloud, and perform public rituals exploring the intersection of art and science. These ceremonial contributions directly influenced programming changes within the Kennedy Center—reflected in newly adopted improvisational and memory-based exhibits. Plaintiff was never credited or compensated. The Kennedy Center utilized surveillance to extract artistic, spiritual, and intellectual property, ticketed those themes, and monetized the results while erasing Plaintiff's presence.

C. Discrimination and Misrepresentation of Spiritual Practice

Plaintiff's spoken meditations—dialogues with God and ritual improvisations—were wrongfully construed as symptoms of mental illness. This led to exclusion and surveillance, constituting spiritual, racial, disability-based, and homelessness discrimination. Plaintiff's spiritual practice is rooted in African-diasporic theatrical tradition and sacred ceremonial forms.

D. Institutional Bias and Elitism

Despite federal appropriations, the Kennedy Center demonstrates elitist orientation—favoring high-dollar patrons while structurally excluding Black, disabled, and homeless individuals. Its programming, hiring practices, and surveillance all reflect a pattern of non-inclusive design, cultural extraction, and symbolic imprisonment.

E. Retaliation and Post-Incident Harm

Following his detention and hospitalization, Plaintiff was denied all further opportunity for employment or collaboration—despite performing unpaid labor and offering programming concepts weeks prior. This act of retaliation compounded the economic harm and confirmed institutional bias.

This complaint reflects a pattern of systemic and ceremonial harm: Defendant's posture toward Plaintiff was unprovoked and rooted in profiling rather than protocol. Plaintiff's peaceful routine at the Trade Center—charging devices and meditating—was violated in an act that fused brute force with bureaucratic silence.

The incident fits a troubling pattern of excessive private force directed at sovereign civilians engaging in lawful acts. Plaintiff reserves the right to amend this Complaint with 911 records, surveillance footage, and further witness accounts once obtained.

---

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## SIGNATURE

To the best of my knowledge, everything in this Complaint is true and I am not filing this Complaint to harass the Defendant(s). Superior Court Civil Rules 11(b).

_____
**SIGNATURE**
Julian C. James

**8/8/2025**
_____
**DATE**

Subscribed and sworn to before me this  8th  day of August, 2025

_____
(Notary Public/Deputy Clerk)